IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-160-BO

| | | |
|---|---|---|
| CAROLINE CRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and defendant's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. [DE 21, 23]. A hearing was held on these matters before the undersigned on September 3, 2020, via videoconference. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her applications for disability benefits pursuant to Title II of the Social Security Act and Supplemental Security Income payments pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed an application for benefits on May 11, 2012 and alleged a disability onset date of December 31, 2007. Plaintiff filed for disabled widow's benefits, so her window of eligibility began on November 28, 2007, and extended to November 30, 2014. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), which occurred on September 22, 2013. The ALJ issued an unfavorable ruling, and the

Appeals Council ordered the claim remanded to the ALJ to correct findings based on new evidence on February 27, 2014. Plaintiff proceeded to a second hearing before an ALJ, which occurred on September 26, 2014. The ALJ issued an unfavorable ruling, and this Court ordered the claim remanded for further proceedings. Plaintiff proceeded to a third hearing before an ALJ, which occurred on September 11, 2018. The ALJ issued a partially favorable ruling, denying benefits from June 4, 2011 to April 27, 2017 but granting benefits beginning on April 28, 2015, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments (Listing) in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged amend onset date of June 14, 2011. Plaintiff's degenerative disc disease, status-post left ulnar surgery residuals, degenerative joint disease with associated bilateral foot pain, status-post left foot surgery residuals, hepatitis C, major depressive disorder, generalized anxiety disorder, and social phobia disorder were considered severe impairments at step two, but were not found alone or in combination to meet

3

or equal a Listing at step three. The ALJ then concluded that plaintiff had the RFC to perform light work, with additional exertional limitations. The ALJ found that plaintiff was unable to return to her past relevant work as a bartender or server, but that, considering plaintiff's age, education, work experience, residual functional capacity, and the testimony of a vocational expert (VE), there were other jobs that existed in significant numbers in the national economy that plaintiff could perform prior to April 28, 2015, but that there were no jobs that existed in significant numbers in the national economy that plaintiff could perform beginning on April 28, 2015.

Plaintiff contends that she was disabled at step five according to the testimony of the VE and in accordance with the treating specialists. Plaintiff argues that because there is only one job relied upon at step five and that the ALJ has failed to carry its burden of showing other jobs at step five. The VE identified one representative job that an individual such as plaintiff could perform: shipping/receiver weigher. Tr. 1045 – 1057. This job consists of approximately 20,000 jobs. The Fourth Circuit Court of Appeals has previously found that 110 jobs and 153 jobs are significant numbers of jobs. *Hodges v. Apfel*, 203 F.3d 820 (4th Cir. 2000); *Hicks v. Califano*, 600 F.2d 1048 (4th Cir. 1979). Substantial evidence therefore supports the ALJ's findings that jobs exist in significant numbers in the economy.

Plaintiff further asserts that she needs accommodations for sitting that prohibit her from performing in the jobs identified by the ALJ, and that those jobs must therefore be eliminated. However, the Court finds that the RFC is supported by substantial evidence. Among other evidence, the ALJ relied on expert testimony that plaintiff had a normal range of motion with no deformity or joint swelling in May 2012, that her mental status exam was essentially normal in

4

September 2012, and she had a good range of motion of the joints with normal strength in the extremities in 2012. Tr. 60–61. The ALJ noted that is was generally consistent with the overall record evidence that plaintiff was unable to stand for prolonged periods due to issues with her back and feet, and therefore provided for a sit/stand option allowing for the change of position every thirty minutes. Tr. 851–52.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision as a whole is supported by substantial evidence and the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 21] is DENIED and defendant's motion for summary judgment [DE 23] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __18__ day of September, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE